IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER AVELLANEDA, | § | |
| TDCJ-CID NO.1104378, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-3764 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Francisco Javier Avellaneda, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2000 state court felony conviction for delivery of a controlled substance. Respondent has filed an answer (Docket Entry No.15), to which petitioner has filed a response. (Docket Entry No.30). For the reasons to follow, the Court will deny petitioner federal habeas relief.

I.   PROCEDURAL HISTORY

Petitioner was indicted by a Harris County, Texas grand jury of the felony offense of delivery of a controlled substance in cause number 851346. *Avellaneda v. State*, No.01-02-00704-CR, Clerk's Record at 3. A jury in the 177th Criminal District Court of Harris County, Texas, heard evidence of the following in pertinent part:

> Gordon Forrester, an undercover narcotics officer for the Texas Department of Public Safety, received a phone call from Enrique Blasco. Blasco told Forrester that he knew some men in Houston who had several kilograms of cocaine for sale. Blasco called his source and arranged a meeting at a restaurant. At the restaurant, Blasco introduced Forrester to appellant and Jose Garcia and then left the table.
>
> Appellant and Forrester agreed on a price for two kilos of cocaine at $19,000 each. After Forrester showed Garcia and appellant $38,000 in cash, appellant made a telephone call. Appellant then informed Forrester that the owner of the cocaine did not want to do business at the restaurant, but agreed to meet the men in a nearby K-

>Mart parking lot.
>
>After the men drove to the K-Mart and waited some time, Garcia made a telephone call. Saying he had to leave to pick up the cocaine, Garcia left, while Forrester and appellant remained at the K-Mart and waited. After some additional time, Garcia returned to the K-Mart parking lot followed by two vehicles, a truck and a black Volkswagen. After speaking with the men who accompanied Garcia, appellant told Forrester that they wanted to do the drug transaction at a residence. Forrester refused because he feared for his safety. The men left the parking lot and returned a few minutes later. Appellant told Forrester that they could move to a nearby Burger King parking lot to complete the transaction, and everyone drove to that location.
>
>At the Burger King parking lot, appellant led Forrester to one of the vehicles and Forrester inspected the cocaine. Forrester then told appellant that he would go and get the money. On the way back to his car, Forrester gave nearby officers a prearranged bust signal, and the four men were arrested.

*Avellaneda v. State*, No.01-02-00704-CR, 2003 WL 21710563 at *1 (Tex. App.–Houston 2003, pet. ref'd). Based on this evidence, the jury found petitioner guilty as charged in the indictment. *Avellaneda*, Clerk's Record at 66. The state district court sentenced petitioner to twenty years confinement in TDCJ-CID and a fine of $2000. *Id.* at 70.

On July 17, 2003, the First Court of Appeals for the State of Texas ("First Court of Appeals") affirmed the lower court's judgment upon consideration of petitioner's allegation that the evidence was legally insufficient to establish his guilt. *Avellaneda*, No.01-02-00704-CR, slip opinion. The Texas Court of Criminal Appeals refused his petition for discretionary review on January 28, 2004. *Avellaneda v. State*, No.1455-03 (Tex. Crim. App. 2004).

Petitioner filed a state application for writ of habeas corpus on August 12, 2004, seeking relief on the following grounds:

1. The evidence was insufficient to support his conviction; and

2. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel by failing to

    a. file a motion to suppress evidence of the cocaine seized after his arrest,

  b. object to the verdict form allowing a conviction among a disjunctive finding among three separate offenses,

  c. request the state district court apply the law of the parties to this case,

  d. object and request the state district court define constructive transfer; and,

  e. object to hearsay testimony.

*Ex parte Avellaneda*, Application No.61,311-01. The 177th State District Court, sitting as a habeas court, filed Findings of Facts, Conclusions of Law and an Order, recommending that petitioner's state habeas application be denied. *Id.* at 53-56. The Texas Court of Criminal Appeals denied petitioner's application without written order on the trial court's findings without a hearing on February 16, 2005. *Id.* at cover.

  Petitioner filed a federal petition for a writ of habeas corpus on November 1, 2005. (Docket Entry No.1), in which he sought relief on the following grounds:

 1. The evidence was legally insufficient to support his conviction because the State failed to prove delivery of a controlled substance by actual or constructive transfer, or offer to sell; and,

 2. He was denied the effective assistance of counsel at trial because trial counsel failed to

  a. file a timely motion to suppress;

  b. object to hearsay testimony and request a limiting instruction;

  c. request the state district court apply the law of the parties to the facts of the case;

  d. object and request the state district court to define constructive transfer in the jury charge; and,

  e. object or request the jury to specify the offense by which they found petitioner guilty of delivery of cocaine.

(Docket Entries No.1, No.2).

Respondent has filed an answer and moved for dismissal on grounds that petitioner's claims are without merit and that petitioner has failed to meet the burden of proof under 28 U.S.C. § 2254(d).

On November 27, 2005, a month after respondent filed his answer, petitioner filed an amended petition, seeking relief on the following grounds:

1. The evidence is insufficient to support his conviction;

2. He was denied the effective assistance of counsel at trial because trial counsel failed to

    a. file a motion to sever, which required the State to elect the act upon which it would seek a conviction;

    b. present a viable defense in relation to the facts of the case known prior to trial;

    c. locate, interview, and subpoena the informant that implicated defendant of the alleged act; and,

    d. request the state district court to apply the law of the party.

(Docket Entry No.19).  Almost four months later, petitioner filed the pending Motion for Leave to File Petitioner's Second Amended Petition, in which he acknowledges that some of his claims regarding the effectiveness of his trial counsel are unexhausted.  (Docket Entry No.29).  Petitioner seeks to proceed only on those ineffective assistance of counsel claims regarding counsel's failure to (a) object to the disjunctive jury charge form and force the prosecution to make an election, (b) object to inadmissible hearsay, and (c) challenge the evidence in a motion to suppress.  (*Id.*).  Because respondent has addressed these claims in his answer, the Court will grant petitioner's motion to amend.  (Docket Entry No.29).

II.     STANDARD OF REVIEW

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and

4

Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review, which the Texas Court of Criminal Appeals refused, and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the petition for discretionary review and the state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under

5

subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all

6

reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521.

III.     DISCUSSION

A.     Sufficiency of the Evidence

Respondent moves for dismissal on petitioner's challenge to the legal sufficiency of the evidence to support petitioner's conviction for delivery of cocaine. (Docket Entry No.15). Petitioner maintains that the State did not prove the elements of the offense as stated in the indictment. (Docket Entries No.1, No.2, No.19). Specifically, petitioner claims the evidence shows he did not deliver the cocaine by actual or constructive transfer because Forrester, the undercover officer, never physically handled or touched the cocaine before the arrest. (*Id.*). Petitioner further claims that the State failed to prove delivery of the cocaine by offer to sell because the State failed to prove the chain of custody of the cocaine admitted as evidence at trial. (*Id.*). Petitioner claims that no one properly identified the State's exhibits 1 and 2 as being the same cocaine obtained from this drug bust. (*Id.*).

A federal court tests the sufficiency of evidence in a federal habeas review of a state court conviction under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979). Evidence is sufficient to support a conviction if when viewed in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319. The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997). Either direct or circumstantial evidence can contribute to the sufficiency of the evidence underlying the conviction. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). To determine whether the evidence is sufficient to support a state criminal conviction, the federal habeas court must look to state law for the substantive elements of the relevant criminal offense. *Jackson*,

7

443 U.S. at 324 n.16.

Before September 1, 2001, a person committed the offense of delivery of cocaine if he knowingly or intentionally delivered or possessed with intent to deliver cocaine. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705 (amended 2001) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003). A person "delivers" a controlled substance by "transfer, actually or constructively, to another a controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 2003). "The term includes offering to sell a controlled substance." *Id.* "[W]hen delivery is by offer to sell no transfer need take place. . . . The offense is complete when, by words or deed, a person knowingly or intentionally *offers* to sell what he states is a controlled substance." *Stewart v. State*, 718 S.W.2d 286, 288 (Tex. Crim. App. 1986) (emphasis in original). To establish a delivery, proof of an offer to sell must be corroborated by a person other than the offeree or evidence other than a statement of the offeree. Act of June 4, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2949 (amended 1992) current version at TEX. HEALTH & SAFETY CODE ANN. §481.182 (Vernon 2003). "When the prosecution involves delivery 'by offer to sell' that element can be met by the representation, by word or deed, that the person has a controlled substance to sell." *Stewart*, 718 S.W.2d at 288. In addition, evidence that the type and quantity of drugs presented was consistent with the terms of the offer testified to by the offeree can serve as corroboration. *Garber v. State*, 671 S.W.2d 94, 98 (Tex. App.–El Paso, 1984, no pet.).

The First Court of Appeals, the state court that issued the last reasoned opinion on this claim,[1]

---

[1] The state habeas court rejected the sufficiency claim on procedural grounds. *Ex parte Avellaneda*, Application No.61,311-01 at 54. The Court of Criminal Appeals did not issue an opinion when it refused petitioner's petition for discretionary review. Therefore, the opinion from the First Court of Appeals is the last reasoned opinion on petitioner's sufficiency challenge. *See Y1st v. Nunnemaker*, 501 U.S. 797, 803 (1991) (noting presumption that "[w]here there has been one reasoned state judgment rejecting a federal

found petitioner's conviction to be supported by evidence showing delivery by offer to sell, as follows:

> The evidence presented was sufficient for a rational trier of fact to conclude that appellant's conduct of offering Forrester a price of $19,000 per kilo constituted an offer to sell over 400 grams of cocaine. Additionally, the factfinder could have reasonably determined that appellant offered to sell a controlled substance because appellant (1) agreed on a sales price of $38,000 with Forrester, (2) observed the cash money in Forrester's vehicle, (3) accompanied Forrester to two locations for the transfer of narcotics to occur, and (4) showed Forrester the narcotics.
>
> Furthermore, the evidence was sufficient for a rational trier of fact to conclude that the cocaine analyzed by the chemist who testified at trial was the same cocaine identified by Officer Forrester at the scene. Officer Forrester testified that he observed the two kilos of cocaine inside a box on the floorboard of the back seat of a white Ford truck, and observed Officer Rick Ashwood take possession of the items. The two kilos of cocaine were identified as State's Exhibits one and two, and the box was identified as State's Exhibit three. Officer Ashwood testified that State's Exhibit three had identifying marks on it in his handwriting. These included the name of one of the suspects arrested in this case, the case number, and the location of the arrest. Officer Ashwood did not put these identification markers on the two cocaine packages marked State's Exhibit one and two, but testified that they were inside the box marked as State's Exhibit three. He described the two cocaine packages as kilos wrapped in foil with black tape. He deposited the box marked as State's Exhibit three, containing State's Exhibits one and two inside, into the secure narcotics lockbox at the crime laboratory.
>
> Avelina De Jesus, a chemist at the crime laboratory, testified that she took State's Exhibits one and two from the box marked State's Exhibit three. She described exhibits one and two as being wrapped in foil and said that she unwrapped the foil to expose the cocaine. Her chemical analysis revealed that the substance in State's exhibits one and two was 1.9 kilograms of cocaine. Although she did not personally obtain the items from the secure lockbox, she received the evidence from central evidence receiving.
>
> \*   \*   \*   \*   \*   \*
>
> In this case, the custody began when Officers Forrester and Ashwood recovered the cocaine at the scene. Custody continued through placing it in the secure lockbox, and analysis by the chemist who was assigned to the case.

*Avellaneda*, No.01-02-00704-CR.

---

claim, later unexplained orders upholding that judgment or rejecting the same rest upon the same ground")

The record supports the findings of the First Court of Appeals. Officer Forrester testified that petitioner offered to sell him two kilograms of cocaine for $19,000 a kilo. *Avellaneda*, No.01-02-00704-CR, Reporter's Record Volume 5, pages 31-32. Forrester further testified that petitioner walked with him to a white truck in the Burger King parking lot where petitioner informed him that the cocaine was in the truck. *Id*. at 47. Petitioner instructed the driver of the truck to show Forrester the cocaine. *Id.* The driver opened the back door and pointed to the floorboard. *Id*. at 49. Forrester saw a plastic bag with a box with what appeared to be two kilos of cocaine. *Id*. Forrester ran a preliminary field test on the package and found it tested positive for cocaine; he then released the package to Officer Rick Ashwood. *Id.*

Circumstances surrounding the sale corroborate Forrester's testimony. Officer Ashworth testified that State's Exhibit 3, the box containing the cocaine, was the same box that he retrieved from the crime scene. Ashworth indicated that he tagged the box and then dropped it off at the narcotics office. *Id.*, pages 107, 118. Chemist Avila De Jesus testified that State's Exhibits 1 and 2, the packages of cocaine, were the ones that she retrieved from State's Exhibit 3, the box tagged by Ashworth. *Id.*, pages 124-25. She further testified that the substance she tested was cocaine and that it weighed 1.9 kilograms. *Id.* at 128. From this testimony, a reasonable jury could find that the actual cocaine purchased by Forrester was admitted into evidence. *See Garber*, 671 S.W.2d at 98 (holding that evidence that the type and quantity of drugs presented was consistent with the terms of the offer testified to by the offeree can serve as corroboration); *see also Smith v. State*, No.03-99-00861-CR, 2003 WL 23123 (Tex. App.–Austin, 2001, no pet.) (not designated for publication) (listing cases where state courts have found less compelling evidence to show a chain of custody when the sufficiency of the evidence was challenged).

In his response to respondent's answer, petitioner argues that the evidence was insufficient

10

to show delivery by an offer to sell because there was no evidence corroborating that an offer had been made; "it was established that [S]tate's exhibits one and two had been altered or tampered with and that chain of custody was not sufficiently shown; and that inadmissible hearsay prejudiced Avellaneda's affirmative defense." (Docket Entry No.30, page 7). To support this allegation of tampering or alteration, petitioner points to minor discrepancies in the testimonies of Ashworth and De Jesus regarding the packaging of the kilos of cocaine before De Jesus removed the original packaging to test the substance. (*Id.*, page 9).

Such discrepancies, in this case are of no constitutional moment. Instead, petitioner's chain of custody claim goes to the admissibility of the State's Exhibits 1, 2, and 3, and Ashworth's and De Jesus's testimony. In habeas actions, this Court does not sit to review the mere admissibility of evidence under state law. *Peters v. Whitley,* 942 F.2d 937, 940 (5th Cir. 1991). A state trial court's evidentiary rulings mandate habeas relief only when errors are so extreme that they constitute a denial of fundamental fairness. *Evans v. Thigpen,* 809 F.2d 239, 242 (5th Cir. 1987). Only when wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial will habeas relief be warranted. *See Andrade v. McCotter,* 805 F.2d 1190, 1193 (5th Cir. 1986).

Under Texas law, conflicts in the testimony regarding the chain of custody go the weight of evidence rather than to its admissibility. *Bird v. State*, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985). (holding absent evidence of tampering, any objection that the State did not establish the proper chain of custody goes to the weight of the evidence rather than its admissibility). In this case, neither petitioner's trial nor his appellant counsel raised the issue of tampering with respect to the packages of cocaine in their objections to the State's alleged failure to prove the chain of custody. *Avellaneda*, 01-02-00704-CR, Reporter's Record Volume 5, page 127; Appellant's Brief, page 14. Both attorneys challenged the admissibility of the State's Exhibits 1, 2, and 3 on the issue of identity and not

alteration. *Id.* Moreover, the record reflects that the State made a *prima facie* case of authenticity; therefore, any possible break in the chain of custody would go only to the weight the jury accorded the packages of cocaine. Petitioner, therefore, fails to show that the packages of cocaine and the testimonies of Officer Ashworth and Chemist De Jesus were insufficient to corroborate Officer Forrester's testimony that petitioner engaged in the criminal offense of delivery of cocaine by offer to sell. Accordingly, he fails to show that the state court's findings contravene § 2254(d) that would entitle him to federal habeas relief.

B.  <u>Ineffective Assistance of Counsel</u>

Next, petitioner contends that he was deprived of the effective assistance of counsel at trial because his trial counsel (a) failed to object to the disjunctive jury charge form and to force the prosecution to make an election; (b) failed to object to inadmissible hearsay, and (c) failed to challenge the evidence via a motion to suppress. (Docket Entry No.29). Petitioner waives review on his original claims that trial counsel failed to request an instruction on the law of parties and on constructive transfer; he concedes that he cannot show that counsel was ineffective on these grounds. (Docket Entry No.30). Petitioner also waives review of claims raised in his First Amended Petition, in which he complained that counsel failed to present a viable defense and failed to locate, interview, and subpoena the informant. (Docket Entry No.29). He concedes that these claims are unexhausted. *Id.* Therefore, the Court will address only petitioner's first three ineffective assistance of counsel claims as previously noted.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of

12

counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law

entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001).

1.  Failure to Object to Jury Charge

Petitioner complains that his trial counsel was ineffective because he did not object or request that the State be required to elect which alleged illegal act it relied upon to secure a conviction and did not object to the jury charge, which allowed a conviction upon a disjunctive finding among the three separate offenses. (Docket Entries No.2, No.19, No.30). Respondent moves for dismissal of this claim on the ground that petitioner's trial counsel had no legal basis upon which to force the prosecution to make an election and alternatively, his trial counsel made a strategic choice not to force the State to elect. (Docket Entry No.15).

The state habeas court found that based on the credible affidavit submitted by petitioner's trial counsel that his decision not to object to the jury instruction and not to request that the State elect which alleged act it would rely upon to secure a conviction was a matter of trial strategy. *Ex parte Avellaneda*, Application No.61,311-01, page 54. The state habeas court further found that petitioner failed to show his counsel ineffective for failing to voice such objections and that petitioner was afforded the effective assistance of counsel at trial. *Id.* at 55.

The Supreme Court has not held that the Due Process Clause of the Constitution imposes a jury unanimity requirement. *Hoover v. Johnson,* 193 F.3d 366, 369 & n. 2 (5th Cir. 1999 ) (citing *Richardson v. United States,* 526 U.S. 813, 821 (1999)). A trial court is authorized to instruct a jury that it may find that the defendant committed an offense by one or more specified means, even if the offense is charged in the conjunctive. *Schad v. Arizona,* 501 U.S. 624, 631 (1991); *Capps v. Collins,* 900 F.2d 58, 60 n. 2 (5th Cir.1990) (holding "[u]se of the conjunctive rather than the disjunctive in

14

the indictment did not oblige the state to prove both"). Texas law also provides for a disjunctive jury charge. *See, e.g., Kitchens v. State,* 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *Cruz v. State,* 742 S.W.2d 545, 546 (Tex. App.–Austin 1988, no pet.). Moreover, jury unanimity under state law is not violated when the jury is disjunctively instructed on alternate means or theories of committing the same offense. *Martinez v. State,* 129 S.W.3d 101, 103 (Tex. Crim. App. 2004); *see also Jefferson v. State,* 189 S.W.3d 305, 313-14 (Tex. Crim. App. 2006) (holding due process does not require jury unanimity on particular "act or omission" submitted as alternate means of committing the conduct element of the offense of injury to a child); *Rodriguez v. State*, 89 S.W.3d 699, 700-01 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd) (disjunctive charge for delivery of cocaine did not prevent appellant from being unanimously convicted).

Because the jury-instruction claim would have been meritless, petitioner has not demonstrated that his trial counsel performed deficiently by failing to request the State to elect the manner or means of delivery or to object to the jury charge on the same basis. Moreover, petitioner further fails to show that he was prejudiced by such failure. *See Strickland,* 466 U.S. at 689-94. Petitioner therefore has not established that the state courts unreasonably applied federal constitutional law in rejecting this claim.

2.      Failure to Object to Hearsay Testimony

Petitioner complains that his trial counsel was constitutionally ineffective because he failed to object to Officer Forrester's testimony that a confidential source named Enrique Blasco told him that he was aware of some individuals in Houston who were attempting to sell a quantity of cocaine and to Forrester's responses to other questions by the prosecutor with respect to Blasco's involvement

in the drug sale.[2]  (Docket Entries No.2, No.30).  Petitioner contends Forrester's testimony was hearsay and the admission of the testimony violated his right to confrontation under the Sixth Amendment.  (*Id.*).  He also complains that trial counsel did not request the state district court to instruct the jury to disregard the same.  (*Id.*).

The state habeas court concluded that petitioner failed to show that his trial counsel was ineffective for failing to object to inadmissible hearsay because he failed to show any legal basis showing such objections would have been meritorious or that the trial judge would have committed error overruling such objection, if made.  *Ex parte Avellaneda*, Application No.61,311-01 at 55.  The record supports the state habeas court's conclusion.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  "The Sixth Amendment's right of an accused to confront the witnesses against him is ... a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas,* 380 U.S. 400, 403 (1965).  The standard for evaluating Confrontation Clause claims in this

---

[2] In this case, Officer Forrester testified as follows, in pertinent part, with respect to the out-of-court statements that confidential source Enrique Blasco made to him:

Q. And what information did he provide you with over the phone?

A. I received a call that morning from a subject who advised what his name was Enrique Blasco advised me that he had information of several subjects in the Houston area on the west side of town that had a large quantity of cocaine for sale.

\* \* \* \* \* \*

Q. And based on your conversation with him, what did you learn, or what did you think was going to occur?

A. Well, he advised me that he knew of several subjects in that area that had several kilos of cocaine for sale.

*Avellaneda*, No.01-02-00704-CR, Reporter's Record, Volume 5, pages 23, 25.

case is *Ohio v. Roberts,* 448 U.S. 56 (1980).  While the Supreme Court overruled *Roberts* in *Crawford v. Washington,* 541 U.S. 36 (2004), *Crawford* does not apply retroactively to cases on collateral review.  *Whorton v. Bockting,* __U.S.__, 127 S.Ct. 1173, 1183-84 (2007).  Therefore, this Court must determine whether the state court's decision was contrary to *Roberts.*  In *Roberts,* the Supreme Court held that a hearsay statement by an unavailable declarant is admissible if it bears "adequate indicia of reliability."  448 U.S. at 66.  A statement bears "adequate indicia of reliability" if it: (1) falls within a "firmly rooted" hearsay exception, or (2) possesses "particularized guarantees of trustworthiness."  *Id.*

The determination of whether evidence admitted in a state court trial is hearsay is governed by state law.  *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir.1994).  Under Texas law, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  TEX. EVID. R. 801(d).  Blasco's statements to Officer Forrester, *i.e.*, that he knew some people who had a large quantity of cocaine to sell, were offered not to prove that Blasco knew of people in Houston who had a large quantity of cocaine to sell but to show why Forrester met with Blasco[3] and why Forrester initiated the undercover operation.  Moreover, Blasco's statements did not implicate petitioner as a drug dealer nor point to his guilt in the crime charged.  Therefore, Forrester's testimony regarding Blasco's initial statements did not constitute hearsay and were admissible under *Roberts*.  Forrester did not testify to any other statements made by Blasco with respect to Blasco's activity in making introductions and facilitating the sale of the cocaine.  Consequently, petitioner's trial counsel had no basis upon which to object to Forrester's testimony or to request a limiting instruction.  Therefore, petitioner fails to show that

---

[3]   Forrester testified that the met with Blasco at the motel where Blasco was staying to follow up on an investigation lead.  *Avellaneda v. Johnson*, No.01-02-00704-CR, Reporter's Record Volume 5, page 25.

17

his trial counsel was ineffective in failing to object to Forrester's testimony regarding Blasco's statements. Accordingly, petitioner has not established that the state courts unreasonably applied federal constitutional law in rejecting this claim.

3.      Failure to File a Motion to Suppress

Petitioner next complains that his trial counsel rendered constitutionally ineffective assistance because he did not file a motion to suppress evidence of the cocaine after it was seized pursuant to petitioner's warrantless arrest. (Docket Entries No.2, No.30). Petitioner contends that the record is devoid of any evidence that would affirmatively link him to the cocaine because the State failed to establish the proper chain of custody and no one could positively identify the cocaine. (*Id.*).

The state habeas court concluded that petitioner failed to show that his trial counsel was ineffective for failing to file a motion to suppress because he did not show that such motion had merit or that it would have changed the outcome of the case. *Ex parte Avellaneda*, Application No.61,311-01 at 54.

Determination of whether counsel's failure to file a suppression motion constitutes ineffectiveness depends on whether either a suppression motion or an objection would have been granted or sustained had it been made. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). In this case, the state district court heard ample evidence and argument at trial satisfying it as to the chain of custody and the identity of the cocaine. After hearing such evidence, the state district court overruled the objections of petitioner's trial counsel regarding the same. It follows that the state district court would have denied any motion to suppress that counsel might have filed with respect to the admissibility of the cocaine. As previously discussed, the record shows no evidence of tampering with the cocaine and sufficient evidence that the cocaine admitted at trial was the same cocaine from the drug deal between Forrester and petitioner. Because the cocaine was admissible

18

under state law, it could not have been suppressed at trial. *See Bird*, 692 S.W.2d at 70. Accordingly, petitioner fails to show that his trial counsel was ineffective for failing to move to suppress the cocaine. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (noting that counsel is not required to file frivolous motions). Therefore, petitioner has not established that the state courts unreasonably applied federal constitutional law in rejecting this claim.

IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

V.      CONCLUSION

    Based on the foregoing, the Court ORDERS the following:

1.      Petitioner's Motion for Leave to File Petitioner's Second Amended Petition (Docket Entry No.29) is GRANTED.

2. Respondent's motion to dismiss (Docket Entry No.15) is GRANTED.

3. Petitioner's habeas petition is DENIED and this action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk shall send a copy of this order to the parties.

Signed at Houston, Texas, on this 11th day of July, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE